STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
October 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**OSCAR MILLS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0690** (BOR Appeal No. 2048032)
(Claim No. 2012022995)

**CITY OF BRIDGEPORT,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Oscar Mills, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Bridgeport, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 12, 2013, in which the Board affirmed a January 3, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 12, 2011, decision rejecting Mr. Mills's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mills worked for the City of Bridgeport as a water technician. On October 22, 2011, Mr. Mills filed an application for workers' compensation benefits relating to occupational noise induced hearing loss. In his application, he stated that he was subjected to hazardous levels of noise while working around water treatment pumps. His application was signed by John Manchin, D.O. It also included a report of audiometric testing results performed by Melissa Carnes, Au.D., which showed a thirty decibel difference between the left and right ear at 3000 hertz. On December 12, 2011, the claims administrator rejected Mr. Mills's application. Mr.

1

Mills then testified by deposition. He stated that he had frequently worked around loud and high pitch noises while employed by the City of Bridgeport. He admitted that he was also subjected to hazardous levels of occupational noise at his other, part-time job. On January 3, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on June 12, 2013, leading Mr. Mills to appeal.

The Office of Judges concluded that the claims administrator's decision was not in error. It determined that Mr. Mills's alleged hearing loss was not sustained in relation to his employment at the City of Bridgeport. The Office of Judges also determined that Mr. Mills's prior medical history was not properly accounted for in his application for workers' compensation benefits. The Office of Judges found that, prior to filing his application, Mr. Mills had been examined and treated by Charles E. Haislip, M.D., at West Virginia University Healthcare for adhesive middle ear disease, dysfunction of the Eustachian tube, and drainage of the ear. The Office of Judges found that Dr. Haislip determined that Mr. Mills had a lifelong history of ear problems and poor hearing. The Office of Judges also determined that Mr. Mills had an asymmetric hearing loss pattern which was not reported in his application for workers' compensation benefits. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Mills has not presented sufficient evidence to demonstrate that he suffered occupational noise induced hearing loss in the course of and resulting from his employment at the City of Bridgeport. The evidence in the record is insufficient to draw a causal connection between his hearing loss and his current employment. Mr. Mills's medical history shows that he was subjected to hazardous noises prior to working for the City of Bridgeport and that he was exposed to hazardous levels of noise at a contemporaneous part-time job. Dr. Haislip's treatment notes indicate that Mr. Mills had a lifelong history of hearing loss which Dr. Haislip did not attribute to his work at the City of Bridgeport. Mr. Mills's testimony that he was exposed to occupational noise is insufficient to support his application in light of Dr. Haislip's opinion. Mr. Mills's request for workers' compensation benefits is further undermined by the fact that he has an asymmetric pattern of hearing loss, which is an indication of non-occupational causes. West Virginia Code of State Rules § 85-20-47.9 (2006).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 7, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II